UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-0226 (WMW/HB) |
| Plaintiff, | |
| v. | **PRELIMINARY ORDER OF FORFEITURE** |
| Michael Ice Tate, | |
| Defendant. | |

Before the Court is the unopposed motion of Plaintiff United States of America for a preliminary order of forfeiture. (Dkt. 62.) The Court finds that the property at issue is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between such property and the offense of which Defendant Michael Ice Tate has been found guilty.

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The motion of Plaintiff United States of America for a preliminary order of forfeiture, (Dkt. 62), is **GRANTED**.

2. Defendant Michael Ice Tate shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c), the AMT Hardballer, .45 caliber, semi-automatic pistol, bearing serial number A11442, and all associated accessories and other ammunition (the property).

3. The United States Attorney General or an authorized designee may seize the property and maintain custody and control of it pending the entry of a final order of forfeiture.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish and give notice of this Order and the intent of the United States to dispose of the property in such manner as the Attorney General may direct.

5. This Order shall become final as to Defendant Michael Ice Tate at the time of sentencing and shall be made a part of the sentence and included in the judgment. Fed. R. Crim. P. 32.2(b)(4)(A), (B).

6. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

7. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary. Fed. R. Crim. P. 32.2(e).

Dated: July 9, 2020                                s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge